UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIE M. NOEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1737SNL |
| ) | |
| DEACONESS HOSPITAL A/K/A ) | |
| FOREST PARK HOSPITAL, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff originally filed this medical malpractice action, among other claims, in the Circuit Court for the City of St. Louis. This case was removed to federal court and assigned to this Court. This matter is before the Court on defendant Shriners Hospital's motion to dismiss and to strike (#20), filed November 4, 2005. Plaintiff has failed to file a responsive pleading.

In her complaint, plaintiff is apparently asserting a claim of medical malpractice[1] against various health care providers regarding the alleged diagnosis of cerebral palsy as to her son, Dominique Noel. The plaintiff's sole allegation against Shriners Hospital is that "Shriners Children's Hospital physician, Dr. Callahan, diagnosed Dominique Noel with cerebral palsy, and suggested MRI because he thinks `Something Is There' (Callahan later revised and denied previous statement)". Plaintiff's Petition, pg. 2, ¶4(F). Although difficult to discern, it appears

---

[1]This is her primary claim; however, she is also asserting general claims for fraud, defamation, extreme physical and emotional distress, pain and suffering, loss of income, deprivation, discrimination, sexual harassment, and conspiracy. *See*, Plaintiff's Petition, pg. 2, ¶5. She further asserts that these "infractions" are violations of Missouri statutes §§55.05, 375.1192, 383.037, and 538.205(1). *See*, Plaintiff's Petition, pg. 2, ¶5.

that plaintiff's claim is that Dr. Callahan's denial of rendering a diagnosis of cerebral palsy constitutes medical malpractice (as well as her other generalized causes of action).

In its motion, defendant Shriners' Hospital sets forth several grounds for dismissal: 1) plaintiff is improperly attempting to maintain a medical malpractice claim against her son's health care providers arising out of the care and treatment rendered to her son; 2) plaintiff has failed to properly plead and prove the requisite elements of a medical malpractice claim under Missouri law; 3) plaintiff has failed to satisfy the federal notice pleading requirements as set forth in Rules 8 and 10 of the Federal Rule of Civil Procedure; 4) plaintiff's medical malpractice claim is barred by Missouri's two (2) year statute of limitations for bringing such claims (§516.105 R.S.Mo.); and 5) plaintiff has failed to file an affidavit of a non-party healthcare provider in support of her petition as required by Missouri statute §538.225(5).

In her response, plaintiff simply reiterates the allegations of her original complaint and does not address in any manner the grounds for dismissal as set forth in the instant motion.

After careful consideration of the matter, the Court will dismiss without prejudice plaintiff's complaint against defendant Shriners Hospital for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) Fed.R.Civ.P. and for failure to comply with Missouri statute §538.225 R.S.Mo.[2]

---

[2] As for defendant's assertion that plaintiff's complaint is untimely, the Court finds that defendant's argument is lacking for the simple reason that defendant has not shown the Court when plaintiff's claim arose against this particular defendant. While it is true her she alleges that her son was born on September 14, 1996; there is no mention as to when her son was treated by Dr. Callahan. Furthermore, defendant fails to provide any factual support that plaintiff's claim against Shriners Hospital arose more than two (2) years prior to the filing of this complaint. The Court cannot assume that all acts of alleged medical malpractice, including the one alleged against defendant Shriners Hospital, occurred in 1996 for purposes of application of §516.105 R.S.Mo.

It appears that plaintiff is attempting to recover damages for injuries allegedly sustained by her son in connection with an alleged diagnosis of cerebral palsy and failure to properly medically treat her son based upon an alleged diagnosis of cerebral palsy. As a matter of Missouri law, plaintiff cannot maintain a medical malpractice cause of action against defendant Shriners Hospital arising out of the care and treatment of her son. *See*, Asaro v. Cardinal Glennon Memorial Hospital, 799 S.W.2d. 595, 600 (Mo. 1990); Richardson v. Rohrbaugh, 857 S.W.2d. 415, 417-18 (Mo.App. 1993). Nowhere in plaintiff's complaint does she allege that at any time she was a patient at Shriners Hospital and/or that her claim against defendant pertains to any medical treatment rendered to her. Thus, plaintiff's petition as to her medical malpractice claim against Shriners Hospital must be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) Fed.R.Civ.P.

Secondly, plaintiff's petition must be dismissed without prejudice because she has failed to comply with §538.225 R.S.Mo. Section 538.225 R.S.Mo. requires a plaintiff, in any cause of action against a healthcare provider, to file an affidavit within ninety (90) days of the filing of the plaintiff's complaint in court. This affidavit must set forth the qualifications of a non-party healthcare provider indicating that the defendant healthcare provider failed to use the proper standard of care in the treatment of the plaintiff and that such failure caused the plaintiff's damages. Notwithstanding the fact that plaintiff cannot maintain this medical malpractice action for the afore-mention reasons, plaintiff filed this cause of action on or about July 6, 2005 and ninety (90) days have passed without the filing of the requisite healthcare provider's affidavit pursuant to §538.225 R.S.Mo. Therefore, plaintiff's claim as to medical malpractice must be dismissed without prejudice.

Finally, plaintiff's additional claims for fraud, defamation, extreme physical and emotional distress, pain and suffering, loss of income, deprivation, discrimination, sexual harassment, and conspiracy are so vague and incomprehensible, they too fail to state a claim for which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Shriners Hospital's motion to dismiss (#20) be and is **GRANTED** as follows: plaintiff's claims for medical malpractice for her son's alleged injuries are dismissed without prejudice for failure to state a claim upon which relief can be granted; plaintiff's additional claims as set forth above are dismissed without prejudice for failure to state a claim for which relief can be granted; and finally, plaintiff's medical malpractice claims (notwithstanding the fact that she lacks standing to bring same) is dismissed without prejudice for failure to comply with §538.225 R.S.Mo.

**IT IS FINALLY ORDERED** that defendant Shriners Hospital's motion to strike (#20) be and is **DENIED AS MOOT.**

Dated this \_\_\_18th\_\_\_ day of November, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE