UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIE M. NOEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1737SNL |
| ) | |
| DEACONESS HOSPITAL A/K/A ) | |
| FOREST PARK HOSPITAL, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff originally filed this medical malpractice action, among other claims, in the Circuit Court for the City of St. Louis. This case was removed to federal court and assigned to this Court. This matter is before the Court on defendant Deaconess Hospital's [1] motion to dismiss, or in the alternative, for a more definite statement (#4), filed October 11, 2005. Plaintiff has filed a responsive pleading.

In her complaint, plaintiff apparently is asserting a claim of medical malpractice[2] against various health care providers regarding an alleged diagnosis of cerebral palsy as to her son, Dominique Noel. Her only allegation regarding defendant Deaconess Hospital is that it breached

---

[1] For purposes of judicial efficiency and simplicity, defendant Deaconess Hospital a/k/a Forest Park Hospital will be referred to as "Deaconess Hospital".

[2] This is her primary claim; however, she is also asserting general claims for fraud, defamation, extreme physical and emotional distress, pain and suffering, loss of income, deprivation, discrimination, sexual harassment, and conspiracy. *See*, Plaintiff's Petition, pg. 2, ¶5. She further asserts that these "infractions" are violations of Missouri statutes §§55.05, 375.1192, 383.037, 537.037, and 538.205(10). *See*, Plaintiff's Petition, pg. 2, ¶5.

its duty of care to her on or about September 14, 1996 (which the Court will assume for purposes of the instant motion is the birth date of her son, Dominique).

In its motion, Deaconess Hospital argues that the applicable statute of limitations for medical malpractice/negligence claims against health care providers is §516.105 R.S.Mo. which provides that all such claims must be brought within two (2) years of the alleged negligent act. Since the only claim against Deaconess Hospital is in regard to a breach of duty of care occurring on or about September 14, 1996; defendant Deaconess Hospital asserts that plaintiff's claim against it is time-barred.

In her response, plaintiff simply restates the vague allegations contained in her complaint. She fails to address the statute of limitations defense. Furthermore, she fails to provide any additional facts which even minimally meet the "notice pleading" requirements of the Federal Rules of Civil Procedure as to her laundry list of claims as contained in Paragraph 5 of her complaint.

After careful consideration of the matter, and review of relevant statutes and caselaw, the Court finds that plaintiff's claim of medical malpractice against defendant Deaconess Hospital is time-barred pursuant to Missouri statute §516.105. Furthermore, plaintiffs' other claims, which are extremely vague but fundamentally are also for medical malpractice because the claim is for an improper or negligent act by defendant Deaconess Hospital are also subject to the 2-years limitation period of §516.105. *See*, Brandon v. Southeast Missouri Hospital, 926 S.W.2d. 113, 114-15 (Mo.App. 1996)(citations omitted), *overruled in part on other gds*, Budding v. SSM Healthcare System, 19 S.w.3d. 678 (Mo. 2000); Robinson v. Health Midwest Development Group, 58 S.W.3d. 519, 522 (Mo. 2001). Even if they weren't, these additional claims are so

vague and incomprehensible, they fail to state a claim for which relief can be granted and are dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Deaconess Hospital's motion to dismiss (#4) be and is **GRANTED.** All claims as asserted against defendant Deaconess Hospital are hereby **DISMISSED WITH PREJUDICE** as being time-barred pursuant to §516.105 R.S.Mo. and/or pursuant to Rule 112(b)(6) Fed.R.Civ.P.

**IT IS FINALLY ORDERED** that defendant Deaconess Hospital's motion for more definite statement (#4) be and is **DENIED AS MOOT.**

Dated this __18th__ day of November, 2005.

_/s/ Stephen N. Limbaugh_
SENIOR UNITED STATES DISTRICT JUDGE