UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIE M. NOEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1737SNL |
| ) | |
| DEACONESS HOSPITAL A/K/A ) | |
| FOREST PARK HOSPITAL, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff originally filed this medical malpractice action, among other claims, in the Circuit Court for the City of St. Louis. This case was removed to federal court and assigned to this Court. This matter is before the Court on defendant St. Louis Children's Hospital's motion to dismiss (#7), filed October 20, 2005. Plaintiff has filed a responsive pleading.

In her complaint, plaintiff is apparently asserting a claim of medical malpractice[1] against various health care providers regarding an alleged diagnosis of cerebral palsy as to her son, Dominique Noel. Although it is difficult to discern, it appears that the plaintiff's sole allegation against defendant St. Louis Children's Hospital is that it has failed to "treat" her son for cerebral palsy based on upon an alleged MRI taken at the hospital on or about January 25, 2005.

---

[1]This is her primary claim; however, she is also asserting general claims for fraud, defamation, extreme physical and emotional distress, pain and suffering, loss of income, deprivation, discrimination, sexual harassment, and conspiracy. *See*, Plaintiff's Petition, pg. 2, ¶5. She further asserts that these "infractions" are violations of Missouri statutes §§55.05, 375.1192, 383.037, and 538.205(10). *See*, Plaintiff's Petition, pg. 2, ¶5.

In its motion, defendant St. Louis Children's Hospital sets forth several grounds for dismissal: 1) plaintiff's petition names the wrong defendant; i.e. plaintiff's petition names "BJC Children's Hospital" (a non-entity) instead of St. Louis Children's Hospital; 2) plaintiff is improperly attempting to maintain a medical malpractice claim against her son's[2] health care providers arising out of the care and treatment rendered to her son; 3) plaintiff has failed to properly plead and prove the requisite elements of a medical malpractice claim under Missouri law; 4) plaintiff has failed to satisfy the federal notice pleading requirements as set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure; and 5) plaintiff has failed to file an affidavit of a healthcare provider in support of her petition as required by Missouri statute §538.225(5).[3]

In her response, plaintiff simply reiterates the allegations of her original complaint and does not address in any manner the grounds for dismissal as set forth in the instant motion.

Firstly, as to the wrong defendant being named, the Court recognizes the fact that plaintiff is proceeding *pro se* and is entitled to a limited amount of flexibility. Obviously, the fact that plaintiff refers to defendant as "BJC Children's Hospital" has not impeded St. Louis Children's Hospital ability to respond to the complaint. The Court will dismiss "BJC Children's Hospital" as the party defendant and substitute, in its place, St. Louis Children's Hospital as the party defendant.

---

[2]Defendant incorrectly identifies Dominique Noel as plaintiff's daughter instead of plaintiff's son.

[3]In the future, counsel for defendant St. Louis Children's Hospital shall file a motion, accompanied by a memorandum of law, in compliance with Local Rule 4.01(A). Any motion not accompanied by the requisite memorandum of law will be denied on its face. Filing a memorandum of law in support twenty (20) days after the filing of the motion does not comply with Local Rule 4.01(A).

As for the remaining grounds for dismissal, after careful consideration of the matter, the Court will dismiss without prejudice plaintiff's complaint against defendant St. Louis Children's Hospital for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) Fed.R.Civ.P. and for failure to comply with Missouri statute §538.225 R.S.Mo.

It appears that plaintiff is attempting to recover damages for injuries allegedly sustained by her son in connection with an alleged diagnosis of cerebral palsy and failure to properly medically treat her son based upon an alleged diagnosis of cerebral palsy. As a matter of Missouri law, plaintiff cannot maintain a cause of action for medical malpractice against defendant St. Louis Children's Hospital arising out of the care and treatment of her son. *See*, Asaro v. Cardinal Glennon Memorial Hospital, 799 S.W.2d. 595, 600 (Mo. 1990); Richardson v. Rohrbaugh, 857 S.W.2d. 415, 417-18 (Mo.App. 1993). Nowhere in plaintiff's complaint does she allege that at any time she was a patient at St. Louis Children's Hospital and/or that her claims pertain to any medical treatment rendered to her. Thus, plaintiff's petition as to her medical malpractice claim against St. Louis Children's Hospital must be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) Fed.R.Civ.P.

Secondly, plaintiff's petition must be dismissed without prejudice because she has failed to comply with §538.225 R.S.Mo. Section 538.225 R.S.Mo. requires a plaintiff, in any cause of action against a health care provider, to file an affidavit within ninety (90) days of the filing of the plaintiff's complaint in court. This affidavit must set forth the qualifications of a non-party health care provider indicating that the defendant health care provider failed to use the proper standard of care in the treatment of the plaintiff and that such failure caused the plaintiff's damages. Notwithstanding the fact that plaintiff cannot maintain this medical malpractice action for the afore-mentioned reasons, plaintiff filed this cause of action on or about July 6, 2005 and ninety

(90) days have passed without the filing of the requisite healthcare provider's affidavit pursuant to §538.225 R.S.Mo. Therefore, plaintiff's claim as to medical malpractice must be dismissed without prejudice.

Finally, plaintiff's additional claims for fraud, defamation, extreme physical and emotional distress, pain and suffering, loss of income, deprivation, discrimination, sexual harassment, and conspiracy are so vague and incomprehensible, they too fail to state a claim for which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P.

Accordingly,

**IT IS HEREBY ORDERED** that defendant BJC Children's Hospital be and is **DISMISSED,** and party defendant St. Louis Children's Hospital be substituted in its place.

**IT IS FINALLY ORDERED** that St. Louis Children's Hospital's motion to dismiss (#7) shall be **GRANTED** as follows: plaintiff's claims for medical malpractice for her son's alleged injuries are dismissed without prejudice for failure to state a claim upon which relief can be granted; plaintiff's additional claims as set forth above are dismissed without prejudice for failure to state a claim for which relief can be granted; and finally, plaintiff's medical malpractice claim (notwithstanding the fact that she lacks standing to bring same) is dismissed without prejudice for failure to comply with §538.225 R.S.Mo.

Dated this ___18th___ day of November, 2005.

_/s/ Stephen N. Limbaugh_
SENIOR UNITED STATES DISTRICT JUDGE