UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARIE M. NOEL, )
 )
    Plaintiff, )
 )
vs. ) Case No. 4:05CV1737SNL
 )
DEACONESS HOSPITAL A/K/A )
FOREST PARK HOSPITAL, ET. AL., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

*Pro se* plaintiff originally filed this medical malpractice action, among other claims, in the Circuit Court for the City of St. Louis. This case was removed to federal court and assigned to this Court. This matter is before the Court on several motions filed by defendant SSM Cardinal Glennon Children's Hospital (hereafter referred to as Cardinal Glennon): motion to dismiss for failure to state a claim (#12), filed October 27, 2005; motion to dismiss for failure to comply with statute of limitations (#14), filed October 27, 2005; motion to strike punitive damages (#16), filed October 27, 2005; and motion to dismiss for failure to file healthcare provider affidavit (#18), filed October 27, 2005. As of today's date, plaintiff has failed to file a response.

In her complaint, plaintiff is apparently asserting a claim of medical malpractice[1] against various healthcare providers regarding the alleged diagnosis of cerebral palsy as to her son, Dominique Noel. The plaintiff's sole allegations against Cardinal Glennon is that "Cardinal

---

[1]This is her primary claim; however, she is also asserting claims for fraud, defamation, extreme physical and emotional distress, pain and suffering, loss of income, deprivation, discrimination, sexual harassment, and conspiracy. *See*, Plaintiff's Petition, pg. 2, ¶5. She further asserts that these "infractions" are violations of Missouri statutes §§55.05, 375.1192, 383.037, and 538.205(1). *See*, Plaintiff's Petition, pg. 2, ¶5.

Glennon Physician `Deliberately' neglected to properly diagnos **[sic]** Plaintiff's child (Dominique Noel-Cerebral Palsy), by stating that "Nothing Was Wrong" with child's foot. Cardinal Glennon Neurologist, Dr. Glenn A. Fenton, suggested EEG test on child's brain and Deliberately and Improperly prescribed medication for seizures for child (Lamictal)." Plaintiff's Petition, pg. 1, ¶4(C). Although difficult to discern, it appears that plaintiff's claim is that an unknown physician or Dr. Fenton negligently failed to diagnose a problem with Dominique's foot, and further, Dr. Fenton negligently diagnosed seizures and prescribed medicine for said seizures.

In its motions, defendant Cardinal Glennon sets forth several grounds for dismissal: 1) plaintiff has failed to plead the requisite elements of a claim for medical malpractice, fraud, negligence, defamation, intentional and/or negligent infliction of emotional distress, sexual harassment, and civil conspiracy; 2) plaintiff has failed to satisfy the federal notice pleading requirements as set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure; 3) plaintiff's medical malpractice, as well as her other generalized claims, are all time-barred by their applicable statutes of limitations; and 4) plaintiff has failed to file an affidavit of a non-party healthcare provider in support of her petition as required by Missouri statute §538.225(5).

After careful consideration of the matter, the Court will dismiss without prejudice plaintiff's complaint against defendant Cardinal Glennon for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) Fed.R.Civ.P. and for failure to comply with Missouri statute §538.225(5) R.S.Mo.[2]

---

[2]As for defendant's assertion that plaintiff's complaint is untimely as to all of her claims, the Court finds that defendant's argument is lacking for the simple reason that defendant has not shown the Court when plaintiff's claim arose against this particular defendant. While it is true she alleges that her son was born on September 14, 1996; there is no mention as to when he was treated by any physician in connection with defendant Cardinal Glennon nor when he was treated by Dr. Fenton. Furthermore, defendant has failed to provide any evidentiary support that plaintiff's claims against it arose more than two (2) years (as to claims of medical malpractice,

It appears that plaintiff is attempting to recover damages for injuries allegedly sustained by her son in connection with an alleged diagnosis of cerebral palsy and failure to properly medically treat her son based upon an alleged diagnosis of cerebral palsy. As a matter of Missouri law, plaintiff cannot maintain a medical malpractice cause of action against defendant Cardinal Glennon arising out of the care and treatment of her son. *See*, Asaro v. Cardinal Glennon Memorial Hospital, 799 S.W.2d. 595, 600 (Mo. 1990); Richardson v. Rohrbaugh, 857 S.W.2d. 415, 417-18 (Mo.App. 1993). Nowhere in plaintiff's complaint does she allege that at any time she was a patient at Cardinal Glennon and/or that her claim against defendant pertains to any medical treatment rendered to her. Thus, plaintiff's petition as to her medical malpractice claim against Cardinal Glennon must be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) Fed.R.Civ.P.

Secondly, plaintiff's petition must be dismissed without prejudice because she has failed to comply with §538.225 R.S.Mo. Section 538.225 R.S.Mo. requires a plaintiff, in any cause of action against a healthcare provider, to file an affidavit within ninety (90) days of the filing of the plaintiff's complaint in court. This affidavit must set forth the qualifications of a non-party healthcare provider indicating that the defendant healthcare provider failed to use the proper standard of care in the treatment of the plaintiff and that such failure caused the plaintiff's damages. Notwithstanding the fact that plaintiff cannot maintain this medical malpractice action for the afore-mention reasons, plaintiff filed this cause of action on or about July 6, 2005 and ninety (90) days have passed without the filing of the requisite healthcare provider's affidavit

---

negligence, and defamation) and/or five (5) years (as to claims of fraud, civil conspiracy, intentional and/or negligent infliction of emotional distress, discrimination, and sexual harassment) prior to the filing of her complaint. The Court cannot assume that plaintiff's claims against defendant Cardinal Glennon arose in 1996 for purposes of application of the applicable statutes of limitations.

pursuant to §538.225 R.S.Mo. Therefore, plaintiff's claim as to medical malpractice must be dismissed without prejudice.

Finally, plaintiff's additional claims for fraud, defamation, extreme physical and emotional distress, pain and suffering, loss of income, deprivation, discrimination, sexual harassment, and conspiracy are so vague and incomprehensible, they too fail to state a claim for which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Cardinal Glennon's motion to dismiss for failure to state a claim (#12) be and is **GRANTED.** All of plaintiff's claims as directed against defendant Cardinal Glennon are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that defendant Cardinal Glennon's motion to dismiss for failure to comply with statutes of limitation (#14) be and is **DENIED.**

**IT IS FURTHER ORDERED** that defendant Cardinal Glennon's motion to dismiss for failure to file a healthcare provider affidavit (#18) be and is **GRANTED.** Plaintiff's claim for medical malpractice is (again) **DISMISSED WITHOUT PREJUDICE.**

**IT IS FINALLY ORDERED** that defendant Cardinal Glennon's motion to strike punitive damages (#16) be and is **DENIED AS MOOT.**

Dated this __18th__ day of November, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE