UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIE M. NOEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1737SNL |
| ) | |
| DEACONESS HOSPITAL A/K/A ) | |
| FOREST PARK HOSPITAL, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff originally filed this medical malpractice action, among other claims, in the Circuit Court for the City of St. Louis. This case was removed to federal court and assigned to this Court. This matter is before the Court on defendant United States of America's (hereinafter referred to as the Government) motion to dismiss for lack of subject matter jurisdiction (#37), filed November 28, 2005. As of today's date, plaintiff has failed to file a response.

In her complaint, plaintiff is apparently asserting a claim of medical malpractice[1] against various healthcare providers regarding the alleged diagnosis of cerebral palsy as to her son, Dominique Noel. The plaintiff's sole allegation against the Government[2] is that "Peoples Health Clinic Dr. Michael O'Connor, stated `Something is wrong with Dominique's muscles, but no

---

[1]This is her primary claim; however, she is also asserting general claims for fraud, defamation, extreme physical and emotional distress, pain and suffering, loss of income, deprivation, discrimination, sexual harassment, and conspiracy. *See*, Plaintiff's Petition, pg. 2, ¶5. She further asserts that these "infractions" are violations of Missouri statutes §§55.05, 375.1192, 383.037, and 538.205(1). *See*, Plaintiff's Petition, pg. 2, ¶5.

[2]On November 18, 2005 the Court granted the Government's substitution for the originally named defendant Peoples Health Clinic. *See*, Court Order #32.

signs of Cerebral Palsy.". Plaintiff's Petition, pg. 2, ¶4(E). Although difficult to discern, it appears that plaintiff's claim is that Dr. O'Connor misdiagnosed plaintiff's son's medical condition; i.e. failed to allegedly properly diagnose cerebral palsy.

Defendant Government seeks dismissal on the grounds that plaintiff has failed to exhaust her administrative remedies prior to filing her petition against the Government. After careful consideration of the pleadings and relevant statutes and caselaw, the Court concurs and will grant the motion.

As noted before, the Peoples Health Clinic and it employees are deemed to be federal employees for purposes of the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671 *et.seq.* pursuant to the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. §201 *et.seq.* Upon substitution of the United States for Peoples Health Clinic, 28 U.S.C. §2679(d)(2), the FTCA becomes the exclusive remedy for medical malpractice claims against a community health center and its medical staff. Motley v. United States, 295 F.3d. 820, 823 (8th Cir. 2002).

Under the FTCA, a tort claim, including a claim for medical malpractice, must be first presented to the appropriate federal agency and such claim finally denied by said agency in writing prior to filing a judicial complaint. 28 U.S.C. §2675(a). Furthermore, a tort claim, including a medical malpractice claim, is forever barred unless it is presented in writing to the appropriate federal agency within two (2) years after such claim has accrued. 28 U.S.C. §2401(b). Wilson v. Gunn, 403 F.3d. 524, 526 (8th Cir. 2005). "This statute is a limitation on the government's waiver of sovereign immunity that must be strictly construed." Wilson, at 526 *quoting* K.E.S. v. United States, 38 F.3d. 1027, 1029 (8th Cir. 1994)(citations omitted).

It appears to be undisputed that plaintiff, as of today's date, has not filed an administrative claim with the U.S. Department of Health and Human Services (as to her claim for medical

malpractice and other alleged tort claims against Peoples Health Clinic) prior to commencing this lawsuit.[3] Plaintiff has not filed any response indicating why exhaustion would be futile. The Court, therefore, concludes that plaintiff has not exhausted her administrative remedies and will dismiss without prejudice the case in its entirety as to the Government.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion to dismiss (#37) be and is **GRANTED**. This cause of action is hereby **DISMISSED WITHOUT PREJUDICE** as to defendant United States of America.

Dated this   9th   day of December, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]Whether such claim, if filed now, would be timely is not an issue before the Court.